The opinion of the Court was delivered by
Clarke and Gregg, for the motion. Peareson, contra.
Hott, J.
In considering the several questions which arise out of this case, we must regard General Cantey, as he actually is, the real defendant ; and as connected with that view of the case, it is necessary to notice an important fact which is not stated in the brief, to wit, that the sheriff’s deed to him has never been recorded. That fact gives a complexion to the case which supersedes the necessity of considering the first ground made for a new trial; for admitting the fraud to exist, there is no proof that the plaintiff was a party’or had any knowledge of it; and being a bona fide purchaser for a valuable consideration, without notice of Genera Cantey’s title, was entitled to recover. *But what is the -I nature of the fraud complained of? W. Hollis, sen., never had a right to the land, and he could not be compelled by this Court to take a title to himself to enable him to pay his debt; directing the titles to be made to his son, was not therefore such a fraud upon M’Cra and Cantey as this Court can notice, because the land was never tangible by them. Setting aside this deed could not vest the land in old Hollis, and of course Cantey can have no right. And it is only with reference to creditors, that it can be considered fraudulent, for it is certainly good as between the parties.[1]
It has, however, been contended that young Hollis ought to be considered as a trustee for his father, and that the sale by the sheriff was therefore good. But the doctrine of implied or resulting trusts belongs exclusively to the Courts of Equity, and cannot be reached by this Court. This Court cannot travel out of the deed itself, for its construction. We can receive evidence aliunde to show that a deed is fraudulent and void, but not to give it a different operation than what it expresses upon its face.
2. With regard to the second ground, the possession of the son was coextensive with that of the father, and in such case, the possession would enure to the benefit of him who had the right. In any view of the case, therefore, the plaintiff is entitled to retain his verdict; and this motion must be refused.
Colcock, Richardson, Gantt, and Huger, JJ., concurred.

 1 Mill. C. R. 131.